IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:06-CV-193-BO

| | | |
|---|---|---|
| DEBRA P. WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MICHAEL ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case is before the Court on the parties' Motions for Judgment on the Pleadings. For the reasons that follow, Plaintiff's Motion will be DENIED and Defendant's Motion will be GRANTED. The decision below will be AFFIRMED.

## BACKGROUND

Plaintiff, a former production assembler, applied for benefits on September 26, 2003. She claimed that a car accident on August 13, 2003 had injured her back and arms severely, and that these injuries rendered her completely incapable of working. Plaintiff's application was denied initially and on reconsideration. She then sought and received a hearing before an Administrative Law Judge ("ALJ"), which took place via videoconference on April 4, 2006. The ALJ denied benefits in a written decision. The Appeals Council denied Plaintiff's request for review, and this action followed. Plaintiff and Defendant both filed Motions for Judgment on the Pleadings. A hearing on the Motions was held in Raleigh, North Carolina on August 9, 2007.

## DISCUSSION

The scope of judicial review of a final decision regarding disability benefits under the Social Security Act is limited to determining whether the findings of the ALJ are supported by substantial evidence and whether the correct law was applied. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); 42 U.S.C. § 405(g). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment, which significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work. *Id.* Fifth, if a claimant cannot do past relevant work, he or she is disabled if an impairment prevents the claimant from doing other work. *Id.*

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her onset date. The ALJ found at step two that Plaintiff suffered from severe degenerative disc disease, borderline intellectual functioning, and an adjustment disorder, and at step three that none of these impairments met or equaled a listing under federal regulations. Upon considering

2

the evidence, the ALJ determined that Plaintiff possessed the residual functional capacity ("RFC") for light, unskilled work. At step four, the ALJ found that her RFC would not preclude Plaintiff from performing her past relevant work as a production assembler. The ALJ therefore denied benefits.

Plaintiff says the ALJ's decision was erroneous for four reasons: (1) the ALJ either neglected to consider all the relevant evidence, or to weight the evidence properly; (2) the ALJ incorrectly concluded that Plaintiff's impairments did not meet or equal certain social security listings; (3) the ALJ miscalculated Plaintiff's RFC; and (4) the ALJ did not resolve an apparent conflict between the testimony of the Vocational Expert ("VE") and the Dictionary of Occupational Titles ("DOT").[1]

Plaintiff first argues that the ALJ erred by either discounting or overlooking certain medical evidence. At the hearing, Plaintiff testified to the disabling nature of her impairments. Tr. 283-314. The ALJ found that these could be reasonably expected to produce symptoms of the extent and duration alleged, but nevertheless found Plaintiff less than credible. *Id.* at 16. Plaintiff says that this finding ignored the conclusions of her chiropractor, Dr. Kean. According to Plaintiff, Dr. Kean's analysis casts doubt upon the ALJ's credibility finding.

Kean only treated Plaintiff for a short time, from approximately September until December 2003. Moreover, Kean's opinion reflected Plaintiff's marked reduction in pain, as well as a total body impairment of only five percent. Tr. 210. Although Plaintiff is correct that the ALJ did not address this evidence, or give it any particular weight in his analysis, Kean's

---

[1] Plaintiff also argues that the ALJ erred by concluding that Plaintiff could generally perform the job of production assembler, but without explaining what "general performance" means. As this argument is frivolous on its face, the Court will not address it here.

3

view does little to undermine the ALJ's credibility determination (and appears in fact to support it). The ALJ's omission of Kean's view was therefore inconsequential, particularly considering the other evidence in the record: among other things, the ALJ observed that despite her allegations, Plaintiff still engaged in many daily activities, and that sought only a modest treatment regime. *Id.* at 16-17. Substantial evidence therefore supports the ALJ's credibility finding, Dr. Kean's evaluation notwithstanding.

Secondly, Plaintiff says the ALJ erred in finding that her impairments did not meet or equal Listing 12.05C. The relevant part of that provision reads as follows:

> Mental Retardation: Mental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e. *the evidence demonstrates or supports onset of the impairment before age 22.*
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
> . . .
> > C. A valid, verbal, performance or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C (emphasis added).

Dr. Radson, a consulting psychologist, concluded that Plaintiff's current verbal IQ score of 69 is valid. Plaintiff accordingly argues that this score required the ALJ to find her impairment to meet or equal Listing 12.05C. As set forth above, the Listing also requires that the evidence show that the impairment arose before the claimant turned 22. *Id.* In this case, Plaintiff's high school test scores reveal that, at age 16, her language IQ was 77. Tr. 63; 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 112.00D(9) (providing that IQ results obtained at age 16 or thereafter are generally reliable indicators of present status). Also, from 2001 to 2003, Plaintiff

4

held at least two skilled-level jobs (cafeteria cook and resident care aide), for a while simultaneously. Tr. 84, 98, 323-24. Her early life test scores coupled with her subsequent skilled job experience both support the ALJ's finding that Plaintiff's borderline intellectual functioning did not meet or equal Listing 12.05C.

Plaintiff's third argument is that the ALJ mistakenly concluded that she could perform light unskilled work. On this point, Plaintiff relies upon the opinion of Dr. Radson, who thought that Plaintiff's intellect and cognitive ability might prevent her from interacting well with others in a work setting. Tr. at 117-121. That much does little to undercut the ALJ's conclusion that Plaintiff could perform a full range of light work. In any case, as those of a consulting physician, Radson's conclusions were to be weighted less in the ALJ's analysis, and Plaintiff concedes that Radson only examined her once on a face-to-face basis. Pl. Br. at 14; 20 C.F.R. § 404.1527(d)(1)-(2) (stating that length and nature of treatment relationship will influence weight to a source's medical opinion).

Radson's view stands in contrast to evidence that Plaintiff's impairments were not as severe as her testimony suggested. Plaintiff's treating doctor, for example, recommended against surgery to relieve her nerve root compression, unless her condition worsened over time; Plaintiff similarly indicated at least once that her pain was not yet severe enough for her to request surgery. Tr. 16-17. Additionally, Plaintiff's orthopedist in 2004 observed that she had a full range of motion in her back, shoulder, wrist, and fingers. *Id.* at 177. As discussed above, Plaintiff has undergone only a conservative course of treatment, forgoing the use of TENS equipment or enrollment in pain management. *Id.* at 17. Her daily activities, such as household chores and weekly church attendance, also indicate her ongoing ability to perform work at the

5

light level. *Id.* at 57-58. Substantial evidence supports the ALJ's RFC finding.

Lastly, Plaintiff says that the ALJ did not resolve an apparent conflict between the DOT and the VE's testimony. Responding to a question from the ALJ, the VE noted that a portion of her testimony – a description of Plaintiff's need for a sit/stand option in performing certain jobs – was derived from personal observations, and not from the DOT itself. *Id.* at 323. Plaintiff says the VE's elaboration amounted to a conflict which the ALJ was required to resolve. As the Government points out, it does not appear that the VE's statements actually conflicted with the DOT in any way, as the VE permissibly supplemented the categories from the DOT with information derived from her own experience. 20 C.F.R §§ 404.1566(d)-(e), 416.966(d)-(e). And even assuming that such supplementation rose to the level of the conflict, the ALJ did not ultimately determine that Plaintiff's RFC required a sit/stand option, and therefore did not rely upon this aspect of the VE's testimony in deciding the case. Rather, the ALJ determined that given her RFC for light unskilled work, Plaintiff could perform her prior job as a production assembler. Tr. 17. Any failure to resolve alleged inconsistencies between the VE's testimony and the DOT therefore harmless error.

## CONCLUSION

Plaintiff's Motion is DENIED and Defendant's Motion is GRANTED. The decision below is AFFIRMED.

SO ORDERED.

This __17__ day of August, 2007.

*/s/ Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6